O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2256 AHM (FFMx) | Date | May 15, 2008 |
|---|---|---|---|
| Title | LUIS SERRANO, *et al.* v. AMERICAN AIRLINES, INC, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

Plaintiffs Luis Serrano and May Hasso sued Defendants American Airlines, Inc., Vijay Kamboj, Ash Chopra, and DOES 1-25 in Los Angeles Superior Court on March 14, 2008. American Airlines, Inc. (hereinafter "Defendant") removed the case to this Court on April 4, 2008 on the grounds that the action arises under Convention for the Unification of Certain Rules Relating to International Transportation by Air ("Warsaw Convention") or the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"). Plaintiffs filed a Motion to Remand on April 21, 2008. At issue is whether this Court has federal question jurisdiction even though Plaintiffs claim to assert only state law causes of action. Because the operative treaty, the Montreal Convention, does not completely preempt Plaintiffs' state law claims, the Court finds that removal was improper. Accordingly, Plaintiffs' Motion to Remand is GRANTED.

## II.   PLAINTIFFS' CLAIMS

In Plaintiffs' Complaint, they allege the following causes of action: (1) breach of contract, (2) discrimination in violation of the Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*), (3) intentional interference with contract, (4) defamation, and (5) intentional infliction of emotional distress.

Plaintiffs, who are husband and wife, had purchased tickets for themselves and their infant child on American Airlines flight number 137 from London-Heathrow Airport to Los Angeles International Airport on December 31, 2007. (Compl. ¶ 1). They

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2256 AHM (FFMx) | Date | May 15, 2008 |
|---|---|---|---|
| Title | LUIS SERRANO, *et al.* v. AMERICAN AIRLINES, INC, *et al.* | | |

allege that American Airlines ticket desk personnel refused to allow their infant to be seated on their laps in their business class seats, after they saw that Hasso was born in Kuwait. (*Id.* ¶ 2). Then, according to the Complaint, American Airlines gate personnel informed them that the captain for the flight determined that they would not be permitted to take the flight at all. (*Id.* ¶ 3). They further allege that Defendant Chopra, an American Airlines ticketing employee, refused to provide alternative flight arrangements, and told a British Airways ticketing agent that the Plaintiffs were liars, advised the agent to not allow Plaintiffs to purchase tickets, and threatened to call the police. (*Id.* ¶¶ 4-5.) Plaintiffs purchased substitute tickets on British Airways for $17,709.60. (*Id.* ¶ 6.)

Plaintiffs claim compensatory damages of no less than $50,000, special and general damages according to proof, and treble damages and attorney's fees according to California statutes.

## III.   LEGAL STANDARD

A case that originally could have been brought in federal court based on federal question jurisdiction may be removed from state court. 28 U.S.C. § 1441(a), (b). The removal statute, 28 U.S.C. § 1441, is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

In general,

> [t]o determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses: a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. . . . As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2256 AHM (FFMx) | Date | May 15, 2008 |
|---|---|---|---|
| Title | LUIS SERRANO, *et al.* v. AMERICAN AIRLINES, INC, *et al.* | | |

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal citations omitted). However, there are certain exceptions to the well-pleaded complaint rule. *Id.*

One exception is the "complete preemption" doctrine, which applies in cases in which "the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (internal citations and quotation marks omitted), *quoted in In re NOS Communications, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007). "Once an area of state law has been completely preempted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* In other words, "when a federal statute wholly displaces the state-law cause of action through complete pre-emption. . .a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank*, 539 U.S. at 8.

Complete preemption is different in kind from ordinary preemption. As the Eleventh Circuit explained, "complete preemption" is not "a crude measure of the breadth of the preemption (in the ordinary sense) of a state law by a federal law." *Schmeling v. NORDAM*, 97 F.3d 1336, 1342 (10th Cir. 1996). It is "rather. . .a description of the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." *Id.* **A** federal court's jurisdictional decision regarding complete preemption does not preclude the state court from finding that the state law cause of action is preempted by federal law. *See Lister v. Stark*, 890 F.2d 941, 943 -944 n. 1 (7th Cir. 1989) (discussing distinction between jurisdictional complete preemption and ordinary preemption).

## IV.  ANALYSIS

In moving for remand, Plaintiffs argue that removal was improper because their claims are based only on state law and therefore, this Court lacks jurisdiction over the case. Defendant argues in opposition that Plaintiffs' claims are completely preempted by the Montreal Convention and therefore this Court has original jurisdiction under 28 U.S.C. § 1331, so removal was proper.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2256 AHM (FFMx) | Date | May 15, 2008 |
|---|---|---|---|
| Title | LUIS SERRANO, *et al.* v. AMERICAN AIRLINES, INC, *et al.* | | |

### A. Montreal Convention

The Montreal Convention was signed in that city on May 28, 1999, and entered into force on November 4, 2003. *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, *reprinted in* S. Treaty Doc. No. 106-45. The United States is a party to the Montreal Convention. The Montreal Convention supersedes the much older Warsaw Convention. *See* Montreal Convention at art. 55. Like its predecessor, the Montreal Convention's purpose is to promote uniformity in the laws governing airliner liability for the "international carriage of persons, baggage or cargo performed by aircraft." *Id.* at art. 1. However, the Montreal Convention is unique in that it "represents a significant shift away from a treaty that primarily favored airlines to one that continues to protect airlines from crippling liability, but shows increased concern for the rights of passengers and shippers." *Weiss v. El Al Israel Airlines, Ltd.*, 433 F.Supp.2d 361, 364-65 (S.D.N.Y. 2006).

The Montreal Convention imposes three categories of strict liability on air carriers. Article 17 provides for carrier liability in the event of accidental death or bodily injury of a passenger while on board, embarking, or disembarking the plane. Montreal Convention at art. 17. Article 17 also includes liability for damage to or loss of baggage. *Id.* Article 18 of the Montreal Convention addresses liability for damage to cargo, and Article 19 imposes liability for damages resulting from delay of passengers, baggage, or cargo. *Id.* at arts. 18-19.

Article 29 of the treaty contains a statement limiting actions for damages. Entitled "Basis of Claims," it states:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

*Id.* at art. 29.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2256 AHM (FFMx) | Date | May 15, 2008 |
|---|---|---|---|
| Title | LUIS SERRANO, *et al.* v. AMERICAN AIRLINES, INC, *et al.* | | |

Although the Warsaw Convention no longer applies to claims arising after the effective date of the Montreal Convention, the case law developed under the Warsaw Convention is still regarded as applicable in the interpretation of equivalent language in the Montreal Convention. *Shah v. Virgin Atlantic Airways Ltd.*, 473 F. Supp. 2d 591, 596 (S.D.N.Y. 2007).

### B.     Complete Preemption

On its face, Article 29 of the Convention suggests that the Convention is not intended to wholly displace all causes of action based in state law. Article 29 applies to "any action for damages, however founded, *whether under this Convention or in contract or in tort or otherwise.*" Montreal Convention at art. 29 (emphasis added). It does not apply only to actions brought "under this Convention," as that would render meaningless the words "or in contract or in tort or otherwise." Hence, the plain language of the Convention demonstrates that not all damages actions involving the carriage of passengers, baggage and cargo arise under the Convention.

Defendant relies on the Supreme Court's ruling in *El Al Israel Airlines, LTD. v. Tsui Yuan Tseng*, 525 U.S. 155 (1999), to support its argument that the Montreal Convention completely preempts Plaintiffs' state law causes of action. Defendant is wrong; remand to state court is consistent with the decision in *Tseng*.

In *Tseng*, a passenger sued an airline in state court and the airline removed the action to federal district court. The district court dismissed the action for failure to establish an injury cognizable under Article 17 of the Warsaw Convention. The Second Circuit Court of Appeals reversed in relevant part. *Tseng v. El Al Israel Airlines, Ltd.*, 122 F.3d 99 (2nd Cir. 1997). On appeal, the Supreme Court did not consider the merits of a motion to remand. Rather, the Supreme Court considered whether, given a circumstance in which a plaintiff's action for personal injury does not satisfy the conditions for liability under the Warsaw Convention, that plaintiff would be precluded from maintaining an action for personal injury damages under state law. *Tseng*, 525 U.S. at 160.

The Supreme Court held "that the Warsaw Convention precludes a passenger from maintaining an action for personal injury damages under local law when her

Case 2:08-cv-02256-AHM-FFM Document 13 Filed 05/15/08 Page 6 of 10 Page ID #:124

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2256 AHM (FFMx) | Date | May 15, 2008 |
|---|---|---|---|
| Title | LUIS SERRANO, *et al.* v. AMERICAN AIRLINES, INC, *et al.* | | |

claim does not satisfy the conditions for liability under the Convention." *Id*. at 176. The plain language of this holding, consistent with the text of Article 29, suggests that recourse to local law is available when one's claim *does* "satisfy the conditions of liability under the Convention." *Id*. By refusing to allow a plaintiff to raise a state law cause of action unauthorized by the Warsaw Convention, the Supreme Court merely rejected a construction of Article 17 that would "encourage artful pleading by plaintiffs seeking to opt out of the Convention's liability scheme when local law promised recovery in excess of that prescribed by the treaty." *Id*. at 171.

In concluding that Article 17 of the Warsaw Convention prevents liability based on a cause of action under state law that is not within the scope of the Convention, the Supreme Court emphasized that "[t]he cardinal purpose of the Warsaw Convention . . . is to 'achiev[e] uniformity of rules governing claims arising from international air transportation.'" *Id*. at 169 (quotation omitted and alteration in original). However, under *Tseng*, the preemptive effect of the Convention is not absolute. Rather, "'[t]he Convention's preemptive effect on local law extends no further than the Convention's own substantive scope.'" *Id*. at 172 (quotation omitted).

In *Tseng*, the Supreme Court explained its prior decision in *Zicherman v. Korean Airlines Co.*, 516 U.S. 217 (1996), as follows:

> *Zicherman* acknowledges that the Convention centrally endeavors "to foster uniformity in the law of international air travel[,]" . . . . [and] determin[ed] that the Warsaw drafters intended to resolve *whether there is liability*, but to leave to domestic law (the local law identified by the forum under its choice-of-law rules or approaches) determination of the compensatory damages available to the suitor.

*Tseng*, 525 U.S. at 169-70 (quotation and citation omitted; emphasis in original). The goal of uniform rules of liability, identified in *Tseng* and *Zicherman*, is not necessarily undermined by claims for relief based on local law**,** so long as those local laws are in accordance with the rules of the Convention.

The doctrine of complete preemption was not raised in *Tseng*. *Tseng* involves only a discussion of "federal preemption," a distinct doctrine. *See Tseng*, 525 U.S. at

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2256 AHM (FFMx) | Date | May 15, 2008 |
|---|---|---|---|
| Title | LUIS SERRANO, *et al.* v. AMERICAN AIRLINES, INC, *et al.* | | |

172 & 175. It constitutes a barrier against scattershot, uneven application of the Warsaw Convention based on an unauthorized theory of recovery. *Id*. at 167 (noting the "exclusivity of the Convention's provisions for air carrier liability"). Under *Tseng*, therefore, remand is not forbidden even if Plaintiffs' state law claims turn out to be inconsistent with the Warsaw Convention, or if Plaintiffs seek recoveries that the Convention does not permit; the state court can disallow such efforts as being preempted. *See Caterpillar*, 482 U.S. at 398 (the fact that defendant may ultimately prove that plaintiff's claims are preempted does not establish that they are removable to federal court). In short, neither the reasoning nor the narrow holding of *Tseng* dictate that this Court find that there can be no uniform application of the Warsaw Convention in state courts.

Defendant also relies on *King v. American Airlines, Inc.*, 284 F.3d 352, 355 (2d Cir. 2002), in which the Second Circuit Court of Appeals held that "discrimination claims that arise in the course of embarking on an aircraft are preempted by Article 17 of the Warsaw Convention." In *King*, American Airlines had argued that the Warsaw Convention's two-year statute of limitations applied, rather than the three-year statute applicable to 42 U.S.C. § 1981 actions. *Id.* The court agreed, because *Tseng* instructed that so long as the alleged injury occurred during the course of embarkation, it fell within the "substantive scope" of Article 17, regardless of whether bodily injury is alleged. *Id.* at 360. Therefore, plaintiffs' "action [under 42 U.S.C. § 1981] must be brought under the terms of the Warsaw Convention or not at all." *Id.* Because the Warsaw Convention's statute of limitations applied, plaintiffs' claims were time-barred. *Id.* at 355, 362. *King* is not apposite because it did not involve the application of the complete preemption doctrine to determine whether removal was proper. Rather, it merely analyzed on the merits whether the plaintiffs' claims fell within the scope of any of the Warsaw Convention's liability provisions such that the Convention preempted the inconsistent law (the different statute of limitations of 42 U.S.C. § 1981).

Since *Tseng*, there is a split in the cases dealing with the doctrine of complete preemption in the context of the Warsaw Convention. Without attempting to be exhaustive, the Court will discuss some of these cases.

In *Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151 (8th Cir. 1999), a

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2256 AHM (FFMx) | Date | May 15, 2008 |
|---|---|---|---|
| Title | LUIS SERRANO, *et al.* v. AMERICAN AIRLINES, INC, *et al.* | | |

passenger sued an airline for personal injuries sustained while boarding an airplane. *Husmann*, 169 F.3d 1151. As is the case here, the passenger based his claim exclusively on state law. *Id*. at 1152. The case was removed to federal district court and the plaintiff's motion to remand was denied. *Id*. On appeal, the Eighth Circuit held that the plaintiff's "state law cause of action . . . [was] completely preempted by the Warsaw Convention." *Id*. at 1153. In his dissent, Judge Morris Arnold noted that traditionally, the application of the complete preemption doctrine had been extremely limited. *Id*. at 1154 (quotation omitted). He noted,

> [t]he state courts are (indeed, they must be) open to preemption defenses, . . . [but the majority] does not indicate why the preemption created by the Warsaw Convention is the kind that allows a defendant to evade the well-pleaded complaint rule. Most of the cases that the . . . [majority] relies on were not removed to a federal court, and in none of them was the question of whether removal was proper raised or decided.

*Id.*[1]

This Court embraces the reasoning and conclusion in Judge Arnold's dissent and thus rejects the notion that under the Warsaw or Montreal Conventions complete preemption must follow federal preemption. *See also Beneficial Nat'l Bank*, 539 U.S. at 8, 11 (the Supreme Court has found only the Labor Management Relations Act, Employee Retirement Income Security Act, and the National Bank Act to preempt certain causes of action). A number of cases decided post-*Tseng* support this determination. For example, in *Dorazio v. UAL Corp.*, 2002 WL 31236290 (N.D. Ill., Oct. 2, 2002), passengers brought an action in state court for personal injuries they had incurred while on a flight. *Id.* *1. The complaint alleged common law battery,

---

[1] Two more recent district court decisions have also relied on cases that analyzed the merits of the Montreal Convention preemption defense. *See, e.g.*, *Knowlton v. American Airlines, Inc.*, 2007 WL 273794, *4-5 (D. Md. Jan. 31, 2007) (cursorily finding complete preemption and denying motion to remand based on cases regarding the merits of preemption defense) and *Singh v. North American Airlines*, 426 F. Supp. 2d 38, 45-48 (E.D.N.Y. 2006) (relying on an analysis of merits of preemption defense to find complete preemption justifying federal jurisdiction). Such an approach tends to conflate ordinary preemption with the complete preemption exception to the well-pleaded complaint rule.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2256 AHM (FFMx) | Date | May 15, 2008 |
|---|---|---|---|
| Title | LUIS SERRANO, *et al.* v. AMERICAN AIRLINES, INC, *et al.* | | |

willful and wanton conduct, and fraud. *Id.* The defendant/airline moved to dismiss "on the grounds that . . . [the state common law claims] were preempted by the Warsaw Convention and the Federal Aviation Act." *Id.* The defendant then removed the case to federal district court and the plaintiffs filed a motion to remand. The district court, finding that the removal had been untimely and that remand was appropriate on that ground alone, went on to note that the Warsaw Convention did not completely preempt state law. *Id.* at *2-3. The court explained that a necessary corollary to the holding in *Tseng* is "that where a plaintiff's claims do satisfy the conditions of liability under the treaty, a plaintiff may maintain an action under local law." *Id.* at *2 (noting that the *Tseng* decision made no mention of the doctrine of complete preemption).

In *Rogers v. American Airlines, Inc.*, 192 F.Supp.2d 661 (N.D. Tex. 2001), the district court, on a motion to remand, likewise held that the Warsaw Convention does not completely preempt state law claims for breach of contract and negligent misrepresentation by an airline. *Rogers*, 192 F.Supp. at 663. The district court noted that,

> [while] the Warsaw Convention's exclusivity provisions may well preempt Plaintiffs' state law claims, the delicate balance between state and federal courts cautions against finding that the field of international air travel is so completely preempted that any claim relating to the area is "necessarily federal in character."

*Id.* at 664 (quotation omitted). The court noted that the uniformity required by the Warsaw Convention may be achieved through "exclusive remedies and liabilities," not through a requirement that all such cases be brought in federal court. *Id.* at 671 (noting that uniformity in the context of the Warsaw Convention "relates to the remedy available, not to the forum adjudicating the remedy"). *Id.* (citing *Tseng*, 525 U.S. at 168); *see also Akrami v. British Airways PLC.*, 2002 WL 31031324, *3-5 (N.D. Cal. Ep. 10, 2002) (same); *Fournier v. Lufthansa German Airlines*, 191 F.Supp.2d 996, 1003 (N.D. Ill. 2002) (same).

Here, the Court reaches the same conclusion as did the courts in *Dorazio* and *Rogers* – the Montreal Convention does not completely preempt claims such as

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2256 AHM (FFMx) | Date | May 15, 2008 |
|---|---|---|---|
| Title | LUIS SERRANO, *et al.* v. AMERICAN AIRLINES, INC, *et al.* | | |

Plaintiffs' from being litigated in state court. Defendant has not demonstrated that Congress intended that the Montreal Convention "wholly displace[]" Plaintiffs' contract and tort causes of action. *Beneficial*, 539 U.S. at 8.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Remand[2] and VACATES Defendant's pending motion to dismiss.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

This order is not intended for publication.

                                                                                            :

Initials of Preparer           SMO

**Make JS-6**

---

[2]Docket No. 7.